IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

KEVIN DIMPFL,

        Defendant.

Criminal No. 11-0002
ELECTRONICALLY
FILED

**MEMORANDUM ORDER DENYING DEFENDANT'S MOTION
TO WITHDRAW GUILTY PLEA (DOC. NO. 48)**

Defendant, Kevin Dimpfl, pled guilty to sexual assault in New York in 1998. Doc. No. 48 at ¶ 1. In 2010, Defendant moved to Pennsylvania from Montana and failed to register as a sexual offender. Id. at ¶ 2. The United States of America indicted him under the Sex Offender Registration and Notification Act (SORNA) for failing to register in Pennsylvania as a sex offender. Id. Following a plea hearing held before this Court, Defendant entered a guilty plea on December 15, 2011. Doc. No. 37.

Before the Court is Defendant's Motion to Withdraw Guilty Plea (doc. no. 48), wherein Defendant contends that based upon the Supreme Court's recent decision in *Reynolds v. United States*, 132 S.Ct. 975 (2012), he was under no obligation to register as a sex offender. In response to Defendant's argument, the United States indicated that based on the date Defendant's offense, (see the indictment memorandum, doc. no. 2, "from in or around March 2010 to on or about September 29, 2010"), the *Reynolds* decision will have no effect on the validity of Defendant's conviction. Doc. No. 49. The Court agrees with the position of the United States for the reasons that will be discussed *infra*.

The facts of this case are not the same as those in *Reynolds*. The *Reynolds* defendant was indicted in 2007 for failing to register in Pennsylvania as a convicted sex offender. In 2007, the Attorney General had promulgated an Interim Rule specifying that SORNA's registration requirements were applicable to pre-Act offenders such as Reynolds. The Supreme Court ultimately concluded that SORNA's "registration requirements do not apply to pre-Act offenders until the Attorney General so specifies." The Court further ordered that "[w]hether the Attorney General's Interim Rule sets forth a valid specification consequently matters in the case . . . [a]nd we reverse the Third Circuit's judgment to the contrary." 132 S.Ct. at 984.

Here, Defendant was indicted for failing to register in Pennsylvania as a convicted sex offender in 2010. On July 2, 2008, the Attorney General's final regulations and implementations of SORNA became effective. See 73 Fed.Reg. 38030 (July 2, 2008); *United States v. Shenandoah*, 595 F.3d 151, 156. Thus, in 2010, when Defendant was indicted, he was not indicted pursuant to the Attorney General's Interim Rule, but rather, he was indicted almost two years after the final regulations and implementations of SORNA became effective.

This Court finds that the Supreme Court in *Reynolds* questioned the validity of the Interim Rule, and accordingly, believes the *Reynolds* decision is limited to those pre-SORNA defendants who failed to register during the time that the Interim Rule was in effect. Because Defendant in this case is not such a defendant who failed to register during the Interim Rule period, but rather failed to register nearly two years after the final regulations became effective, *Reynolds* does not apply to the instant matter.

Defendant's Motion to Withdraw Guilty Plea is hereby DENIED, and likewise, Defendant's alternative Motion to Stay his Sentencing is DENIED.

SO ORDERED this 25th day of April, 2012.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All counsel of record